UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| IN RE MOTILITY DATA BREACH LITIGATION | Case No. 3:25-CV-00330 <br><br> Judge Walter H. Rice |

## ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Before this Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). The Court has reviewed the Motion and Settlement Agreement between Plaintiffs and Defendant. After reviewing Plaintiffs' unopposed Motion, this Court grants the Motion and preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate.

IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement,[1] including the proposed Notice Program to the Class, the appointment of Plaintiffs G. Scott Lockwood, Heather Reynicke, Christopher Santora, Donna Mathews, John Langan, Nancy Langan, Stephen Duesler, Patrick Hubley, and Peggy L. Koller as the Class Representatives for purposes of the settlement only, the appointment of Class Counsel for Plaintiffs and the Class for settlement purposes only, the approval of Epiq Class Action & Claim Solutions LLC ("Epiq") as the Settlement Administrator, the various forms of class relief provided under the terms of the Settlement, and the proposed method of distribution of Settlement Class Member Benefits are fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

---

[1] All capitalized terms used in this Order shall have the same meanings as set for in  the Settlement Agreement, attached to the Motion for Preliminary Approval as *Exhibit A.*

2.  The Court does hereby preliminarily and conditionally approve and certify, for settlement purposes, the following Class:

> All individuals residing in the United States who were impacted by the Data Incident.

Excluded from the Settlement Class are: (a) all officers and directors of Defendant; (b) governmental entities; (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff; (d) any Settlement Class Member who timely and properly opts-out of the Settlement.

3.  For purposes of settlement, based on the information provided: the Settlement Class is ascertainable; it consists of 760,797 Settlement Class Members, satisfying numerosity; there are common questions of law and fact including whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Incident, satisfying commonality; the proposed Class Representatives' claims are typical, in that they are members of the Settlement Class and allege that they have been damaged by the same conduct as the other members of the Settlement Class; the proposed Class Representatives and Class Counsel fully, fairly, and adequately protect the interests of the Class; questions of law and fact common to members of the Settlement Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Action.

4.  For purposes of the settlement only, the Court appoints Plaintiffs G. Scott Lockwood, Heather Reynicke, Christopher Santora, Donna Mathews, John Langan, Nancy Langan, Stephen Duesler, Patrick Hubley, and Peggy L. Koller as the Class Representatives.

5.  For purposes of the settlement only, the Court appoints Terence R. Coates of Markovits, Stock, DeMarco, LLC, Raina Borrelli of Strauss Borrelli PLLC, Gary M. Klinger of Milberg PLLC, and Jeff Ostrow of Kopelowitz Ostrow P.A. as Class Counsel for the Settlement

2

Class.

6.      The Court appoints Epiq Class Action & Claim Solutions LLC as the Settlement Administrator.

7.      A Final Approval Hearing shall be held before the Court on 8 [date] 14 , 2026 at 1:30 [time] P.m), in Room Walter H. Rice Federal Building and U.S. Courthouse, Room 909, 200 West Second Street, Dayton, OH 45402, for the following purposes:

   a.  To determine whether the proposed Settlement is fair, reasonable, and adequate to the Class and should be approved by the Court;

   b.  To determine whether to grant Final Approval, as defined in the Settlement Agreement;

   c.  To determine whether the Notice Program as conducted was appropriate;

   d.  To determine whether the Claims Process under the Settlement is fair, reasonable, and adequate and should be approved by the Court;

   e.  To determine whether the requested Class Counsel's combined attorneys' fees, of up to one-third of the Settlement Fund and litigation expenses should be approved by the Court;

   f.  To determine whether the request Service Awards of up to $2,000.00 to each Class Representative is fair, reasonable, and adequate.

   g.  To determine whether the Settlement Class Members Benefits are fair, reasonable, and adequate; and

   h.  To rule upon such other matters as the Court may deem appropriate.

8.      The Court approves, as to the form and content, the Notices. Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or

3

distributing the Notices substantially in the form as presented in the exhibits to the Motion for Preliminary Approval of Class Action Settlement, and finds that such notice plan meets the requirements of Federal Rules of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and efficient notice to all persons or entities entitled to notice.

9. In order to be a timely claim under the Settlement, a Claim Form must be either postmarked or received by the Settlement Administrator no later than 60 days after the Notice Completion Date. Class Counsel and the Settlement Administrator will ensure that all specific dates and deadlines are added to the Notice and posted on the Settlement Website after this Court enters this Order in accordance with the timeline being keyed on the grant of this Order.

10. Additionally, all requests to opt-out or object to the proposed Settlement must be received by the Settlement Administrator no later than 60 days after the Notice Completion Date.. Any request to opt-out of the Settlement should, to the extent possible, contain words or phrases such as "opt-out," "opt out," "exclusion," or words or phrases to that effect indicating an intent not to participate in the settlement or be bound by this Agreement. Class Members who seek to opt-out shall receive no benefit or compensation under the Settlement Agreement.

11. Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). For an Objection to be valid, it must be filed with the Court no later than 60 days after the Notice Completion Date and include each and all of the following:

(a) the objector's full name, mailing address, telephone number, and email address (if any);

(b) all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel; (c) the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the

4

objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case; (d) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards; (e) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years; (f) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any); (g) a statement confirming whether the objector and/or their counsel intends to personally appear and/or testify at the Final Approval Hearing; and (h) the objector's signature (an attorney's signature is not sufficient). Any Objection failing to include the requirements expressed above will be deemed to be invalid. Furthermore, any Class Member objecting to the Settlement agrees to submit to any discovery related to the Objection.

12.    All Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the release provided for in the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Class. The persons and entities who timely and validly request

5

exclusion from the Class will be excluded from the Class and shall not have rights under the Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement Agreement or any Final Approval order as to individuals in this Litigation.

13. Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs and the Class are barred and enjoined from commencing or prosecuting any claims asserting any of the Released Claims against the Released Parties.

14. The Court stays all proceedings in this Action until further order of the Court, except that the Parties may conduct such limited proceedings as may be necessary to implement the Settlement or to effectuate the term of the Agreement.

15. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of the date of the execution of the Settlement Agreement, if the Settlement is not finally approved by the Court or is terminated in accordance with the terms of the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

16. This Order shall be of no force or effect if a Final Approval Order and judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the certifiability of any class. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is inappropriate, improper,

6

unavailable, or as a waiver by any Party of any defense or claim he, she, or it may have in this litigation or in any other lawsuit.

17. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the potential Settlement Class Members and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modification as may be agreed to by the Parties or as ordered by the Court, without further notice to the Class.

18. The Court confirms the following schedule (which the court, upon showing of good cause by the Parties, may extend any of the deadlines):

| | |
|---|---|
| Deadline for Defendant to Provide Class List to Settlement Administrator | Within 7 days of entry of the Preliminary Approval Order |
| Deadline to Commence Notice Program | Within 30 days after entry of the Preliminary Approval Order |
| Deadline to Complete Notice Program | No later than 45 days after entry of the Preliminary Approval Order |
| Deadline to file Motion for Final Approval, including Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards | 15 days before the Claims Form Deadline and Opt-Out and Objection Deadlines |
| Opt-Out Deadline | 60 days after Notice Completion Date |
| Objection Deadline | 60 days after the Notice Completion Date |
| Claim Form Deadline | 60 days after the Notice Completion Date |
| Final Approval Hearing | _____ at __:__ a.m./p.m. (no less than 110 days following Preliminary Approval) |

**IT IS SO ORDERED** this 22nd day of april , 2026.

Walter H. Rice

**WALTER H. RICE**
**UNITED STATES DISTRICT JUDGE**

7