**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| IN RE MOTILITY DATA BREACH LITIGATION | CASE NO. 3:25-CV-00330<br><br>HONORABLE MICHAEL J. NEWMAN |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

This matter comes before the Court on Plaintiffs'[1] Unopposed Motion for Attorneys' Fees, Costs and Service Awards and Final Approval of Class Action Settlement (together with its exhibits, the "Motion," ECF No. 21). The matter was heard before United States District Judge Michael J. Newman on August 14, 2026.[2] The Court has reviewed the Motion and the Settlement Agreement entered into by Plaintiffs and Defendant, heard from counsel for both sides in a lengthy and detailed fairness hearing at which no class members appeared or voiced objection to the proposed settlement, and finds the Motion is now ripe for adjudication. For the reasons stated below, the Court grants the Motion.

## I. Analysis

### A. Final Class Certification for Settlement Purposes is Appropriate

#### i. The Proposed Class is Ascertainable

The Settlement Class is defined by objective criteria, and Class Members were identifiable

[1] All capitalized terms used herein have the same meanings as those defined in the Settlement Agreement.
[2] This case is assigned to United States District Judge Walter H. Rice. Because of an unforeseen unavailability, Judge Rice transferred the hearing to the docket of Judge Newman, who conducted the hearing at the date and time set forth on the Notice distributed to potential class members. Counsel for both sides were afforded an opportunity at the fairness hearing to challenge or object to this transfer, and both sides consented to (1) appear before Judge Newman and (2) have him rule on the present motion.

for the purposes of providing notice. This meets the implied ascertainability requirement of Rule 23. *Hicks v. State Farm Fire & Cas. Co*., 965 F.3d 452, 464 (6th Cir. 2020) (citations omitted).

### ii. The Elements of Rule 23(a) are Satisfied

For a lawsuit to be maintained as a class action under Rule 23, a plaintiff must establish each of the four threshold requirements of Subsection (a) of the Rule, which provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Here, all four elements are satisfied.

#### *a. Numerosity*

Rule 23(a)(l) requires that Plaintiffs demonstrate "the class is so numerous that joinder of all members is impracticable." While no specific number of class members is required to maintain a class action, "[w]hen class size reaches substantial proportions. . . the impracticability requirement is usually satisfied by the numbers alone." *In re Am. Med. Sys., Inc*., 75 F.3d 1069, 1079 (6th Cir. 1996) (citation omitted). Here, there are an estimated 714,713 Class Members, satisfying the numerosity requirement.

#### *b. Commonality*

Rule 23(a)(2) requires a showing of the existence of questions of law or fact common to the class. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). "Their claims must depend upon a common contention of such a nature that it is capable of class-wide resolution- which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*. at 350. Both the majority and dissenting opinions in that case agreed that "for purposes of Rule 23(a)(2) even a single common question will do." *Id*. at 359.

In this case, there are numerous common questions of law and fact, including whether Defendant owed a duty to Plaintiffs and Settlement Class Members; and whether Defendant breached its duties. Commonality is, therefore, satisfied.

*c. Typicality*

"A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d at 1082).

The claims of the Class Representatives are typical because they arise from the same Data Incident and alleged course of conduct giving rise to Settlement Class Members' claims. Typicality is satisfied.

*d. Adequacy of Representation*

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." "There are two criteria for determining this element: 1) the representatives must have common interests with the unnamed class members, and 2) it must appear that the representatives will vigorously prosecute the class action through qualified counsel." *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 524-25 (6th Cir. 1976).

The Class Representatives, G. Scott Lockwood, Heather Reynicke, Christopher Santora, Donna Mathews, John Langan, Nancy Langan, Stephen Duesler, Patrick Hubley, and Peggy L. Koller, have common interests, and no conflicts, with unnamed Settlement Class Members. Class Counsel, the law firm Markovits, Stock & DeMarco, LLC, are qualified and are known within this District for handling complex cases such as this. *See, e.g., Shy v. Navistar Int'l Corp.*, No. 3:92-CV-00333, 2022 WL 2125574, at *4 (S.D. Ohio June 13, 2022) ("Class Counsel, the law firm

Markovits, Stock & DeMarco, LLC, are qualified and are known within this District for handling complex cases including class action cases such as this one."). Strauss Borrelli PLLC, Milberg PLLC, and Kopelowitz Ostrow P.A. also have extensive experience handling class action cases.

iii. The Requirements of Rule 23(b) are Met.

The settlement satisfies the two requirements of Rule 23(b)(3): predominance and superiority. Predominance requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3)). This requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016).

Predominance is readily satisfied in data breach class actions like this because many common questions of fact and law arise from the Data Incident and Defendant's alleged conduct predominates over any individualized issues. Predominance is satisfied here. Plaintiffs and Settlement Class Members all have common questions of law and fact arising out of the same common event: the Data Incident. Specifically, Plaintiffs alleged numerous questions of law and fact that are common to the class including: whether and to what extent Defendant had a duty to protect the Personally Identifiable Information ("PII") of Plaintiffs and Class Members; whether Defendants had a duty not to disclose the PII of Plaintiffs and Settlement Class Members to unauthorized third parties; whether Defendant failed to adequately safeguard the PII of Plaintiffs and Settlement Class Members; and whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Incident. Such common questions are susceptible to common evidence. Any individualized questions are minor compared to the voluminous number of common questions.

Superiority requires that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Superiority is easily met in data breach class actions like this. Superiority is satisfied here because individual litigation for all Class Members—who have the same claims arising from the same Data Incident—would be highly inefficient and unnecessarily burden judicial resources. Moreover, the Settlement gives the Parties the benefit of finality, as opposed to protracted and individualized litigation. Thus, superiority is satisfied.

**B. The Notice Program Preliminarily Approved by the Court Was the Best Notice Practicable Under the Circumstances and was Successful**

The Settlement outlines an efficient and effective method of distributing relief to Settlement Class Members. Notice of a proposed settlement to class members must be the "best notice practicable." Fed. R. Civ. P.23(c)(2)(B). "[B]est notice practicable" means "individual notice to all members who can be identified through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974).

Notice that is mailed to each member of a settlement class "who can be identified through reasonable effort" constitutes reasonable and sufficient notice. *Id.* at 176. The Notice disseminated by the private entity, Epiq, which has extensive expertise in such matters, *see* www.epiqglobal.com, plainly and clearly articulated the available relief to Settlement Class Members. Specifically, the Notice outlined the benefits afforded to Settlement Class Members, and their avenues for securing different forms of relief. Epiq provided efficient and effective notice to the Settlement Class. As part of the Notice program, Epiq disseminated individual notice through the Postcard Notice, which was sent by U.S. Mail. This direct mail notice reached approximately 95% of Settlement Class Members. Additionally, Epiq established and continues to maintain the Settlement Website, a toll-free telephone number, and a P.O. Box for the purposes of

communicating with Settlement Class Members. In sum, Settlement Class Members received effective and efficient notice of the relief offered.

Because Settlement Class Members were able to make claims through a simple online form or by mail, the method of distributing the relief was both efficient and effective, and the proposed Settlement is adequate under this factor. The notice program more than met the requirements of Rule 23 and due process.

### C. The Settlement Agreement Merits Final Approval

Pursuant to Rule 23(e), the Court may approve this Settlement if it determines that it is "fair, reasonable and adequate." The determination of whether to grant final approval for the Settlement is left to the discretion of the Court. *Lonardo v. Travelers Indem. Co*., 706 F. Supp. 2d 766, 778 (N.D. Ohio 2010) (citing *Bailey v. Great Lakes Canning, Inc*., 908 F.2d 38, 42 (6th Cir. 1990)). In making this determination, Rule 23(e)(2), as amended in 2018, directs the Court to consider whether (1) the class representatives and class counsel have adequately represented the class; (2) the proposed settlement was negotiated at arm's length; (3) the settlement adequately compensates the class; and (4) the settlement treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2). In addition to these four factors, federal courts consider "(1) the likelihood of success on the merits of the case, (2) the complexity, expense, and duration of discovery and litigation, (3) the opinions of class members, representatives, and counsel, and (4) the risk of collusion or fraud." *In Re E. Palestine Train Derailment*, 158 F.4th 704, 713 (6th Cir. 2025).

Although there are eight total factors, in practice, they largely overlap, and the Court enjoys wide discretion in assessing the weight and applicability of each. *See Thomas v. Mitsubishi Elec. Auto. Am., Inc.*, No. 1:24-CV-422, 2026 WL 1469413, at *7 (S.D. Ohio May 26, 2026); *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205–06 (6th Cir. 1992) (citation omitted). Applying

these factors, the Court—based on the record before it—finds that the preliminarily approved settlement is fair, reasonable, and adequate, thus warranting final approval.

i. The Class Representatives and Class Counsel Have Adequately Represented the Class

As set forth above in connection with Rule 23(a)(4), the Class Representatives have common interests with, and no conflicts against, unnamed Settlement Class Members, and Class Counsel are qualified and experienced in litigating complex class actions, including data breach cases such as this one. This factor is satisfied.

ii. The Settlement Was Negotiated at Arm's Length, and There Is No Risk of Collusion or Fraud

Settlements resulting from arm's length negotiations conducted by court-approved counsel are presumptively reasonable. *See* 1 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*, § 11.41 at 90 (4th Ed. 2002). "Courts presume the absence of fraud or collusion unless there is evidence to the contrary." *Jackson v. Nationwide Ret. Sols., Inc.*, No. 2:22-CV-3499, 2024 WL 958726, at *4 (S.D. Ohio Mar. 5, 2024) (quoting *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 598 (E.D. Mich. 2006)). This Settlement was the result of extensive, contentious, arm's length negotiations between counsel and, as the Court understands, a private mediator with significant expertise in this area of law. There is no evidence of fraud or collusion.

iii. The Likelihood of Success and the Complexity, Expense, and Duration of Litigation Balanced Against the Proposed Recovery

"Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them." *Brent v. Midland Funding, LLC*, No. 3:11-CV-01332, 2011 WL 3862363, at *16 (quoting *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000)). "Thus, '[i]n most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with

uncertain results.'" *Id*. (quoting 4 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 11.50 (4th ed. 2002)). Through the Settlement, Plaintiffs and Settlement Class Members gain significant benefits without having to face the further risk of not receiving any relief at all. The Settlement offers immediate, significant, and substantial relief to all Settlement Class Members who submit a claim. The relief afforded by this Settlement is fair and reasonable, especially when weighed against the anticipated cost, prolonged nature, and uncertain outcome of continued litigation.

The method of distributing relief to Settlement Class Members is fair and effective. Moreover, the relief offered through the Settlement is appropriate and fair. Settlement Class Members may submit claims through a simple online form or by mail and may elect reimbursement of Documented Losses of up to $5,000.00 upon presentation of reasonable documentation of fraud or identity theft traceable to the Data Incident, or, alternatively, a *pro rata* Alternate Cash payment requiring no documentation, and, in either case, may also claim two years of two-bureau Credit Monitoring services. This straightforward, low-burden claims process is an effective method of distributing relief to the Class.

Likewise, the attorneys' fees requested below, which were not negotiated between the Parties until after they agreed on all material terms benefiting the Class, are reasonable under the circumstances. Thus, these factors weigh in favor of granting final approval.

iv. The Likelihood of Success on the Merits Balanced Against the Amount and Form of Relief Offered by the Settlement Weigh in Favor of Approving the Settlement

The Sixth Circuit has identified the likelihood of success on the merits as the most important of all the factors a district court must evaluate in assessing the fairness of a class action settlement. *Poplar Creek Dev. Co. v. Chesapeake Appalachia, LLC*, 636 F.3d 235, 245 (6th Cir.

2011). A district court must weigh the likelihood that the class ultimately will prevail "against the amount and form of the relief offered in the settlement." *Carson v Am. Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981); *see also In re Gen. Tire & Rubber*, 726 F.2d 1075, 1086 (6th Cir. 1984); *UAW v. Gen. Motors, Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

Defendant has vigorously defended itself from the outset of this litigation and has consistently maintained that the allegations are without merit. There are substantial risks involved in establishing liability and damages. "Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them." *Brent*, 2011 WL 3862363, at *16 (quoting *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d at 174). "Thus, '[i]n most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results.'" *Id.* (quoting 4 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 11.50 (4th ed. 2002)). This case is no different in that it is a data privacy class action and a settlement at this stage of the case will avoid the risk of "costs, delays, and multitude of other problems associated" with class action cases. Due, at least in part, to their cutting-edge nature and the rapidly evolving law, data breach cases like this one generally face substantial hurdles—even just to make it past the pleading stage. *See Hammond v. The Bank of N.Y. Mellon Corp.*, No. 08 Civ. 6060, 2010 WL 2643307, at *1 (S.D.N.Y. June 25, 2010) (collecting data breach cases that were involuntarily dismissed). The Settlement here offers immediate, significant, and substantial relief to all Class Members.

Under any analysis, the relief afforded by this Settlement is fair and reasonable, especially when weighed against the anticipated cost, prolonged nature, and uncertain outcome of continued litigation. Thus, this factor, too, weighs in favor of granting final approval.

v. The Settlement Treats Class Members Equitably Relative to Each Other

All Settlement Class Members are treated equitably relative to each other. Each has the opportunity for Documented Out-of-Pocket Losses, an alternative cash payment, and Credit Monitoring. There is no undisclosed agreement made in connection with the Settlement. Thus, this factor, too, weighs in favor of granting final approval.

vi. The Opinions of Class Counsel and Class Representatives Support Approval

The Sixth Circuit has observed that when experienced counsel immersed in the legal and factual issues comprising a class action recommend approval of their class settlement, their recommendations are entitled to deference. *Williams v. Vukovich*, 720 F.2d 909, 922 (6th Cir. 1983). Likewise, courts in the Sixth Circuit defer to the recommendations made by class representatives who support the settlement. *Gascho v. Global Fitness Holdings*, *LLC*, No. 2:11-cv-436, 2014 WL 1350509, at *18 (S.D. Ohio Apr. 4, 2014) ("Not insignificantly, the Class Representatives have also approved the Settlement Agreement").

Class Counsel have closely monitored the negotiations leading to the Settlement, and the Class Representatives all support this Settlement. Defendant's Counsel is also supportive of the Settlement. All interested parties are in a position to fully analyze the strengths and weaknesses of their respective cases and determine that the Settlement at this stage of the litigation is appropriate. The Court is aware that the Parties have engaged in sufficient discovery, that allows them to understand their respective positions. Accordingly, the informed recommendations of the parties and their experienced counsel weigh in favor of granting final approval.

vii. The Reaction of Class Members Supports the Settlement

The deadline for Settlement Class Members to object to the Settlement was August 7, 2026.

Zero objections have been filed and the overall reaction of the Settlement Class Members has been positive, supporting final approval.

### D. The Attorneys' Fees and Expense Agreement is Fair and Reasonable

Typically, in class actions such as this, Class Counsel are awarded a percentage of the settlement fund. *See In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 248 F.R.D. 483, 502 (E.D. Mich. 2008) (noting Sixth Circuit preference for percentage approach in common fund cases). Here, the requested award for attorneys' fees is for one-third of the settlement fund, and for the reimbursement of costs. After consideration of the factors drawn from *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188 (6th Cir. 1974), the Court finds that the requested fee and expense award is reasonable and should be approved.

## II. Conclusion

Based on the foregoing, the Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs and Service Awards and Final Approval of Class Action Settlement is **GRANTED**. Accordingly, the court finds as follows:

1. The Court finds that the Settlement Agreement is fair, reasonable, and adequate, as expressed further herein. The Court also finds the Settlement Agreement was entered into in good faith, at arm's length and without collusion. The Court **APPROVES** and directs consummation of the Settlement Agreement.

2. The Court **APPROVES** the Release provided in the Settlement Agreement and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties.

3. The Court has and **RESERVES JURISDICTION** over the Settlement and this Settlement Agreement, and for purposes of the Settlement and Settlement Agreement, the Court has, and reserves, jurisdiction over the Parties to the Settlement. *See Kokkonen v. Guardian Life*

*Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (a court can retain jurisdiction over enforcement of a settlement agreement by stating so in the dismissal entry).

4. The Court finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

5. The Court **DISMISSES WITH PREJUDICE** all claims in this Action against Defendant, without costs and fees except as explicitly provided for in the Settlement Agreement.

6. The Court **AWARDS** Class Counsel $1,649,833.33 in attorneys' fees and expenses of $17,105.61 to be paid according to the terms of the Settlement Agreement. This amount of fees and reimbursement is fair and reasonable. The Court **AWARDS** the Class Representatives, G. Scott Lockwood, Heather Reynicke, Christopher Santora, Donna Mathews, John Langan, Nancy Langan, Stephen Duesler, Patrick Hubley, and Peggy L. Koller, $2,000 each to be paid according to the terms of the Settlement Agreement. The award is justified based on their service to the Class.

7. The Court finds that the distribution of the Notices **HAS BEEN ACHIEVED** pursuant to the Preliminary Approval Order and the Settlement Agreement, and that the Notice to Settlement Class Members complied with Fed. R. Civ. P. 23 and due process.

8. The Court finds Defendant has complied with the requirements of 28 U.S.C. § 1715 regarding the CAFA Notice.

9. The Court **GRANTS** final approval to its appointment of G. Scott Lockwood, Heather Reynicke, Christopher Santora, Donna Mathews, John Langan, Nancy Langan, Stephen Duesler, Patrick Hubley, and Peggy L. Koller as Class Representatives. The Court finds that the Class Representatives are similarly situated to absent Class Members, are typical of the Class, and are adequate Class Representatives, and that Class Counsel and the Class Representatives have fairly and adequately represented the Class.

10. The Court **GRANTS** final approval to its appointment of Class Counsel as provided in the Preliminary Approval Order (ECF No. 18), appointing Terence R. Coates of Markovits, Stock DeMarco, LLC; Raina Borrelli of Strauss Borrelli, PLLC; Gary M. Klinger of Milberg, PLLC; and Jeff Ostrow of Kopelowitz Ostrow, P.A.

11. The Court **CERTIFIES** the following Class for settlement purposes only under Fed. R. Civ. P. 23(a) and 23(b)(3), subject to the Class exclusions set forth in the Settlement Agreement:

> All individuals residing in the United States who were impacted by the Data Incident.

12. The Court finds that the Class defined above **SATISFIES** the requirements of Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes in that: (a) the Class of approximately 714,713 is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Class; (c) the claims of the Class Representative are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives and Class Counsel have fairly and adequately protected the interests of the Class, as the Class Representatives have no interests antagonistic to or in conflict with the Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and efficient resolution of this controversy.

13. Having considered the negotiation of, the terms of, and all of the materials submitted concerning the Settlement Agreement; having considered Plaintiffs' and the Settlement Class Members' likelihood of success both of maintaining this action as a class action and of

prevailing on the claims at trial, including the possibility that Defendant could prevail on one or more of its defenses; having considered the range of the Plaintiffs' possible recovery (and that of the Class) and the complexity, expense, and duration of the Action; and having considered the substance and amount of opposition to the proposed Settlement, it is hereby **DETERMINED** that:

a. Plaintiffs and Class Counsel have adequately represented the proposed Class;

b. The terms of the Settlement Agreement were negotiated at arm's length, vigorously advocated by experienced counsel for Plaintiffs and Defendant;

c. The outcome of the Action was in doubt when the Settlement was reached, making the compromise under this Settlement reasonable under the circumstances;

d. It is possible the proposed Class could receive more if the Action were to go to trial, but it is also possible that the proposed Class could receive less (including the possibility of receiving nothing) and/or that Defendant could defeat class certification;

e. The value of immediate recovery outweighs the possibility of future relief that would likely occur, if at all, only after further protracted litigation and appeals;

f. The Parties have in good faith determined the Settlement Agreement is in their respective best interests, including both Plaintiffs and Class Counsel determining that it is in the best interest of the Class Members;

g. The consideration for the Class is commensurate with the claims asserted and being released as part of the Settlement; and

h. The terms of the Settlement Agreement treat the Class Members equitably relative to each other and fall within the range of settlement terms that would be considered a fair, reasonable, and adequate resolution of the Action.

Therefore, pursuant to Rule 23(e), the terms of the Settlement Agreement are finally **APPROVED** as fair, reasonable, and adequate as to, and in the best interest of, the Class and each of the Settlement Class Members. Settlement Class Members who did not opt-out of the Settlement are bound by this Final Approval Order. The Settlement Agreement and its terms shall have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings as to Released Claims and waivers applicable thereto.

14. The Court **APPROVES** the distribution and allocation of the Settlement Fund under the Settlement Agreement. To the extent that any funds remain after the allocation of the Settlement Fund pursuant to the terms of the Settlement Agreement, Cash Payments will be increased or decreased *pro rata*, with attorneys' fees and expenses, Settlement Administration fees and expenses, Credit Monitoring expenses, and Class Representative Service Awards deducted first.

15. This Final Approval Order, the Settlement Agreement, and all statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability for this Action or other litigation of any claims or class that have been, or could have been, asserted in the Action.

16. This Final Approval Order, and all statements, documents or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing by Defendant, or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage due to the Data Incident. Notwithstanding the above, the

Settlement Agreement and this Final Approval Order may be filed in any action by Defendant, Class Counsel, or Class Members seeking to enforce the Settlement Agreement or the Final Approval Order.

17. The Settlement Agreement and Final Approval Order shall not be construed or admissible as an admission by Defendant that Plaintiffs' claims or any similar claims are suitable for class treatment.

**IT IS SO ORDERED** this 19th day of August, 2026.

s/*Michael J. Newman*
**Hon. Michael J. Newman**
**United States District Judge**